## CIRCUIT COURT OF HENRICO COUNTY

Woodfin Heating, Inc.

v.

Browning-Ferris Industries

September 23, 1987

Case No. 86-L-412

By JUDGE JOSEPH F. SPINELLA

The Court has reviewed the briefs pertaining to the statute of limitations issue in the above matter. The facts indicate that the parties dealt with each other for a number of years and their dealings took the form of three separate and distinct accounts. The plaintiff has conceded that errors had been made in the accounting and that account number 427853 had, in fact, been paid in full by the defendant. The plaintiff, however, contends that the balance due on that account, which was included in the total amount sued for, was actually due on one of the other two accounts. It is clear that all of the charges for which this suit was brought were charges which were made prior to November 7, 1982. It is also conceded that a charge was made to one of the accounts in March of 1983, and it was stated that the defendant paid this charge, by check, by paying the exact amount of the charge. The question before the Court is whether or not this payment tolled the statute of limitations and started the statute running anew from the date of payment.

The parties agree that the applicable statute of limitations is reflected in § 8.2-725 of the Code of Virginia, and is for a period of four years from the time

the cause of action accrued. The Court is of the opinion that the statute of limitations began to run, in this case, from the date that the account was due, which was prior to November 7, 1982.

Section 8.2-725(4) of the Commercial Code states "This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this act becomes effective." We, therefore, must turn to the general law or any other statutes to determine whether or not the statute of limitations in this case was tolled. Under § 8.01-229 of the Code of Virginia, it is stated:

> G. *Effect of new promise in writing.*
> 1. If any person against whom a right of action has accrued on any contract, other than a judgment or recognizance, promises, by writing signed by him or his agent, payment of money on such contract, the person to whom the right has accrued may maintain an action for the money so promised, within such number of years after such promise as it might be maintained if such promise were the original cause of action. An acknowledgment in writing, from which a promise of payment may be implied, shall be deemed to be such promise within the meaning of this subsection.

Under the case of *Guff v. Hamlett Associates, Inc.*, 230 Va. 64 (1985), the Court stated: "We consistently have held that, standing alone, part payment of the principal or payment of interest does not toll or remove the bar of the statute of limitations. . . When payment by check is involved, the rule is based on the requirement that a writing, to be an acknowledgment under the statute, must be an unqualified admission of a subsisting debt which the party is liable for and willing to pay." *Id.* at 77-78.

The burden is on the plaintiff to show that the applicable statute of limitations was tolled. In order to meet this burden, the plaintiff must show that the obligation to pay was renewed in writing. There is no evidence in this case that the check, issued for payment

of the March 1983 charges, carried any notation whatsoever as to the previous amounts due; nor did the check make any mention as to the acknowledgment of the previous debt.

The Court therefore finds that any items which were placed on the account prior to November 17, 1982, started the running of the statute of limitations. Unless the plaintiff can show an acknowledgment of that debt at any subsequent time, in writing, the statute of limitations will be a bar to all such claims.

Likewise, any finance charges resulting from these principal sums are also barred by the statute of limitations. The Court additionally finds that the 18 percent per year finance charges which were placed on the account are improper. The plaintiff has produced no agreement between the parties which established the rate of interest at 18 percent per annum. In absence of such agreement, the legal rate of interest applies to any sums on open account.